R. H. DEARBORN, ADMINISTRATOR OF THE ESTATE OF R. E. STRATTON, DECEASED, APPELLANT, *v.* JAMES J. PATTON, JOHN C. SMITH AND D. C. UNDERWOOD, RESPONDENTS.

FILING TRANSCRIPT OF JUDGMENT.—Where a judgment was obtained before a Justice of the Peace for more than ten dollars, exclusive of cost, under the statutes of 1855, it was necessary to file a *certified transcript* of such *judgment* in the office of the Clerk of the District Court in the county where the judgment was rendered, in order to acquire a judgment lien upon real estate. Filing a *mere abstract* of such *judgment* is a failure to meet the requirements of the statute.

APPEAL from Douglas County.

This suit was commenced by the administrator of the estate of R. E. Stratton, to foreclose a mortgage executed by Patton to secure the payment of a certain promissory note given by him to Stratton for $591 and interest. Smith filed a separate answer, in which he claims to be the assignee of a judgment against Patton in favor of Marks & Co. for $69.50, with interest at two per cent. per month from June 17, 1869, and that a certified transcript of this judgment was filed in the office of the Clerk of the District Court of Douglas County, on the 5th day of July, 1861, and was then and there entered in the judgment docket of said Court, by virtue of which it is claimed it then and there became a lien

upon the land embraced in the mortgage to Stratton. These allegations were denied by the replication. A certified copy of the Justices' docket was read in evidence, and also a paper purporting to be a certified transcript of the judgment on file in the Clerk's office under which the judgment lien is claimed, which paper consisted of a statement of the title of the cause of *Marks & Co.* v. *Patton,* with an entry thereunder as follows:

"Judgment rendered for the plaintiff against the defendant, June 17,
 A.D. 1861, for............................................................$58 90
Cost...........................................................................  9 95

<div style="margin-left:2em;">  Total amount.................................................$68 85</div>
Fee for transcript, to be added.......................................  75
  Interest on judgment at two per cent. per month."

The other transcript of the Justice's docket, read in evidence, shows that a complaint was filed and summons issued, returnable on the 17th day of June, 1861; that Patton appeared on that day before the Justice and confessed judgment for the amount demanded in the complaint; and that judgment was duly entered in the docket of the Justice for the amount and costs of suit, which were taken up by items. Nothing appears in this transcript about interest. The Circuit Court held that respondent Smith had a valid subsisting judgment lien on the mortgaged premises, and that it was prior to that of appellant.

*Williams & Willis,* for Appellant.

*W. R. Willis and J. F. Watson,* for Respondent.

By the Court, PRIM, C. J.:

One of the respondents (J. C. Smith) in this appeal is the assignee of a judgment rendered in Douglas County by a Justice of the Peace in favor of the firm of *S. Marks & Co.* v. *J. J. Patton,* for sixty-nine and fifty hundredths dollars. The only question here is, did this judgment become a lien upon the land embraced in the mortgage executed by Patton to R. E. Stratton; because if it became a lien at all

there can be no question but that it was prior in time to that of the mortgage.

We think it did not become a lien upon the land in question, for the following reasons: Under the statute in force at the time this judgment was rendered, any person obtaining a judgment in his favor before a Justice of the Peace for more than ten dollars exclusive of cost, and wishing such judgment to become a lien upon the real estate, was required to file a certified transcript of such judgment in the office of the Clerk of the District Court of the county in which the judgment was rendered. The statute then provides that "every such judgment from the time of filing the transcript thereof shall have the same lien on real estate of the defendant in the county as a judgment of the District Court of the same county." (Statutes of 1855, §§ 78, 79, p. 304.)

It will be noticed that a *certified transcript* of the *judgment* is required to be filed in order to become a lien upon the real estate; and a transcript is defined by the authorities to be a *copy* of an *original record.* (Burrell's Law Dictionary.) It appears, from the facts developed in this record, that the paper purporting to be a certified transcript of the judgment rendered by the Justice and placed on file in the office of the Clerk of the District Court, was a mere abstract of the judgment rendered by the Justice, instead of a *certified copy* thereof as was required by the statute in force at the time. The filing of a *mere abstract* of the judgment, instead of a certified copy thereof, was an entire failure to meet the requirements of the statute in this respect, and therefore amounted to nothing.

The abstract fails to show upon its face that the judgment debtor was either served with process, appeared in Court, or had any notice whatever of the commencement of the action. In fact, it does not even show that a complaint had been filed. Then, so far as this abstract shows, the Justice had no jurisdiction whatever to render such a judgment, and it was therefore void upon its face. But it was insisted in the argument of this appeal by counsel for respondent, that this abstract was a substantial copy of the

judgment rendered by the Justice, as appears from a copy of his docket read in evidence at the hearing of this case in the Court below; but in this we think they were mistaken. The variance was not only substantial but material, as will plainly appear by an inspection of the two papers. The certified copy of the Justice's docket not only shows that a complaint was filed and that a summons was issued returnable on the 17th day of June, 1861, the very day on which the judgment was rendered; but it also shows that upon that very day the defendant appeared before the Justice and confessed judgment on plaintiff's demand, which judgment was then and there entered upon the docket of the Justice.

If such a transcript as this, properly certified, had been filed instead of a mere abstract of the judgment, it would have met the requirement of the statute and consequently secured the lien; because such a transcript would have shown upon its face not only that such a judgment was rendered and the amount of it, but the authority and jurisdiction of the Court.

No certified transcript of respondent's judgment having been filed in the office of the Clerk of the District Court, he acquired no judgment lien upon the premises embraced in appellant's mortgage: therefore we hold that the decree of the Court below is erroneous and should be reversed and modified, so as to give appellant the prior lien upon the land in question.