## SUPREME COURT.

ELIZABETH M. JONES, and others agt. THOMAS C. BUTLER, trustee, &c., and others.

An objection to the validity of a *marriage settlement*, on the ground that the parties to it were *infants*, can only be taken by the parties themselves. It is not void, but voidable only, at the option of the infants on arriving at age.

Much less can a *trustee*, acting under the trust created by such a settlement raise such an objection.

Where a conveyance was made to a trustee of certain real estate which recited that the trustee had determined to invest $5,000 of the trust property in such lands, and which conveyed the land in trust to and for the purposes of the trust, *Quere ?* Whether the trustee can relieve himself from such express trust, by showing the consideration for the purchase was never paid out of the estate.

It is a proper case for an *accounting*, where the action is brought for that purpose, on the ground of a misapplication of the trust property.

Where the facts appear in the complaint the court is to give such relief as the parties are entitled to, whether asked for or not in the prayer of the complaint.

*New York Special Term, January,* 1860.

INGRAHAM, Justice.    This action is brought against a trustee to obtain an account and to have that trustee changed on the ground of a misapplication of the trust property.

The trust arose under a marriage settlement made in 1813; at the time of its execution, both of the parties to it were under age.    The defendant Butler was appointed trustee, in the place of the original trustee, within one or two years thereafter.

In 1816, a conveyance was made to the trustee of lots in Broome street, which recited that the trustee had determined to invest $5,000 of the trust property in these lots, and which conveyed the land in trust to and for the purposes of the trust.

Since that time the wife has died and the plaintiffs claim the property under the marriage settlement and the title deeds.

The defendant denies that the lots were ever purchased with the proceeds of the trust property, and claims that he has a release from the parties to the trust deed vesting the property in himself. The trustee has since conveyed the property to his daughter, who is also made a party to the action.

The objection to the validity of the marriage settlement, because the parties to it were infants, can only be made by the parties themselves. It is not for that cause void, but merely voidable at the option of the infants on arriving at age. If they do not within a reasonable time seek to avoid it, they will be considered as ratifying it. Last of all, should such an objection be made by the trustee acting under it, and holding property received by virtue thereof, when a court of equity is asked to compel him to render an account; whether the contract between the parties is to be upheld or not, he cannot dispute the authority under which he holds the trust funds, and seek in such a way to retain the trust property to his own use. But, independent of these reasons, the parties themselves after coming of age, recognized the deed and ratified, it by such recognition. The admissions to the trust deed that the trustee had invested $5,000 of the trust fund in the Broome street property, and the trusts in the deed are to be taken most strongly against the trustee, more especially is this rule applicable to a case where the admission relates to matters particularly within the knowledge of the party making it. It may be that the defendant may be able to show that this consideration was never paid from the estate; whether he could relieve himself from the express trusts contained in the deed by such evidence is, to say the least, doubtful. As the case stands before me, there is nothing to warrant such a conclusion, and it is therefore unnecessary now to pass upon that question. At any rate, as the evidence now is, it is proper that an accounting should take place, and it will then appear whether, at the time of the giving of this deed,

the defendant had in his possession sufficient of the trust property for this purpose.

It is contended that the marriage settlement makes no disposition of the property in a case where the husband survives the wife and that the property, therefore, was vested in the husband.

By the deed it is provided that the income shall be applied to the final use of husband and wife during their lives, and to the husband during the remainder of his life, should he survive the wife. This limitation to the husband of the income during his life, and the subsequent provisions of the deed as to the rights of the children after the death, of both husband and wife, sufficiently show the intent of the parties to have been to give to the husband merely the income of the property after the death of his wife during the remainder of his life, and not to give him the whole property on her death.

Whether, therefore, the children claim as the *cestui que trusts* under the marriage settlement or as the heirs at law of the mother would be immaterial. The facts are sufficiently set out in the complaint to entitle them to relief in either character, and where the facts appear in the complaint, the court is to give such relief as the parties are entitled to, whether asked for or not in the prayer of the complaint. (2 *Kernan*, 336.)

There are other questions which may hereafter arise on the final disposition of this case, in addition to those referred to, which will require further explanations before the trustee can succeed in relieving himself from the trust as proposed by him.

The attempt to obtain release from the parents, so as to deprive the plaintiffs of their claims, the mode in which the property was conveyed to the daughter without consideration, and other matters which it is not necessary here to refer to, all tend to show that the defendant has not been

Jones agt. Butler.          ,

acting in the faithful discharge of his duty as trustee, and solely for the benefit of those for whom he held the trust.

But as I have arrived at the conclusion that the trustee must render the account, so as to ascertain whether he had at the time in his hands funds from which the lands purchased in Broome street could be paid for. I shall refer it to a referee for that purpose. I shall also refer it to the same referee to enquire whether the trustee had so managed the trust funds, as to render it necessary for the protection of the plaintiffs interests that the trustee should be changed, and that he report the proofs with his opinion thereon, and all further directions are reserved until the coming in of such report.

Reference ordered to William Kent, Esq.