[Filed May 3, 1886.]

## S. B. PAGE & CO. *v.* JAMES W. SMITH.

PLEADING—ESTOPPEL.—Before it can be claimed that a party shall not be permitted to falsify even his own declarations, act, or omission, it must be shown that he thereby intentionally and deliberately led the other party to believe a particular thing true, and to act upon such belief.

SAME—ATTACHMENT PROCEEDINGS.—In pleading a right claimed under attachment proceedings in a Justice's Court in this state, it is necessary to allege, generally, the making of the affidavit and giving the undertaking prescribed in the statute.

SAME—JUDGMENT OF JUSTICE'S COURT—So, in pleading a judgment of a Justice's Court, it is necessary to allege the commencement of the action in the particular court, specifying the amount and character of the claim

upon which it was brought, and that judgment was duly given thereon. An allegation that "judgment was duly rendered" against a person named, and execution issued thereon, is insufficient.

GILLIAM COUNTY.    Defendant appeals.    Affirmed.

*H. C. Condon,* for Respondent.

No appearance for Appellant.

THAYER, J.    The appellant commenced an action in the court below to recover the possession of a certain safe. The complaint was in the usual form of actions of that character. The respondents answering denied the allegations of the complaint, and set up as a further defense the following new matter: "For a second and separate answer, defendant alleges that the plaintiffs are estopped from alleging that they are the owners and entitled to the possession of the safe, for the reason that prior to the time that said safe came into the possession of defendant, said plaintiffs made some arrangements or contract with one J. Linder for the sale and delivery to said Linder of the said safe, and that said plaintiffs, in pursuance of said contract of sale, caused the name of said Linder to be conspicuously painted in a permanent manner upon the front of said safe, that being the manner in which it is usual and customary for the names of owners of safes to be affixed, and did ship and deliver to said Linder the said safe; that said safe was seized on attachment as the property of the said Linder in an action in Justice's Court, in which one August Buckler was plaintiff and said Linder was defendant; that judgment was duly rendered against Linder and execution issued thereon, and that by virtue of said execution the safe was duly advertised for sale and sold to the defendant, who, relying upon the fact that said plaintiffs had caused the name of said Linder to be so affixed to

said safe, as to indicate that Linder was the owner thereof, and then and there being in ignorance of what the contract between said plaintiffs and said Linder was, was thereby induced to believe and did believe that the said Linder was the owner thereof, and then and there this defendant, for a valuable consideration, to wit, the sum of fifty-five dollars, became the purchaser and owner thereof." The respondent demurred to the further defense upon the grounds, in substance, that the facts therein set forth were insufficient as a defense to the action. The Circuit Court sustained the demurrer.

The case was subsequently tried upon the issue of fact joined therein, and it appears from the transcript that a stipulation of certain facts, signed by the attorneys for the respective parties, was read in evidence upon the trial. A copy of the stipulation is sent here with the transcript, but no bill of exceptions appears to have been settled and filed, nor has any authentic statement as to what took place at the trial been set up. The court found that the respondents were the owners and entitled to the immediate possession of the said safe, and adjudged that they recover the possession thereof, or the value in case a delivery could not be had.

The only question which can be considered upon the appeal is the ruling upon the demurrer. The respondent's counsel has produced in his brief what he claims was introduced as evidence upon the trial. It purports to be a copy of a writing addressed to the respondents in their firm name, signed by the said J. Linder, requesting the former to ship to the latter a safe, and it contains terms of agreement upon which he was to receive it. Linder was not to permit it to be removed, etc., and was to pay a certain monthly rent, and after a while, if he performed the conditions of the agreement, the respondents would sell him the safe for one dollar, but until then

it should remain the property of the respondents. It was a transaction which the courts of the country are somewhat divided as to the effect of, some claiming that it is a lease or bailment of the property, and others that it is a sale with a mortgage back; but that question does not arise in the case, as the evidence upon the subject is not legally authenticated. All we know is, that the court took evidence, and decided the case as before stated, and the presumptions are that the evidence was sufficient to authorize the rendition of said judgment.

I do not think the new matter in the answer constituted an estoppel, and besides, it was not good in form. Setting out all the facts creates what used to be termed "an estoppel against an estoppel," which set the matter at large. The appellant, instead of stating that the respondents made some arrangement or contract with Linder for the sale and delivery to Linder of the safe, should have stated "that the respondents ought not to be admitted to allege that they were the owners of it for that," etc., inserting the facts in regard to the painting of the name upon it. The plea of estoppel neither admits nor denies the facts alleged in the complaint, but denies the right of the plaintiff *to allege* them. The matter set out created no estoppel. Shipping the safe to Linder, and painting his name upon it, may have created a strong inference that the respondents had sold it to him, but the act was susceptible of explanation consistently with the respondents' ownership of it notwithstanding. If A were to let B have his horse to use, the possession by the latter might be *prima facie* evidence that he was the owner of the animal, but it would not preclude the former from reclaiming it, even if he had put B's brand upon it before delivery. That would not be equivalent to an unqualified statement upon the part of A that B did own the horse; it would be no more than

a circumstance tending to show a sale from A to B. Before it can be claimed that a party shall not be permitted to falsify even his own declaration, act, or omission, it must be shown that he thereby intentionally and deliberately led the other party to believe a particular thing true, and to act upon such belief. (Civil Code, sec. 765, subd. 4.) And his answer to a pleading in a case must show that such was the fact. The appellant's answer falls far short of this.

And besides, the part of the new matter of the answer, in which the seizure of the safe on attachment is alleged, is defective. The various proceedings authorizing the issuance of the attachment are not set out, nor is it stated therein that the attachment was duly issued. Under the attachment law of this state, I think it necessary to allege, generally at least, that an affidavit was duly made, and undertaking given, in compliance with the statute authorizing the issuance of attachment, before any right or benefit under it can be claimed. The subsequent allegations in the answer, that judgment was duly rendered against Linder, and execution issued thereon, and that by virtue of said execution the safe was sold, were not a sufficient statement of the facts of the recovery of a valid judgment. They do not show that any action was commenced in any court. The statute has very much simplified the pleading of judgments of Justices' Courts, but I think it still necessary to allege the commencement of the action in the particular court, and to specify the claim upon which it is brought, so as to show that the court had jurisdiction of the subject-matter. That, followed by an allegation that the judgment was duly given, would be sufficient, no doubt, under section 85 of the Civil Code. But here the pleader has not stated any of these things—merely states the seizure of the property on attachment in an action in

Justice's Court, in which one August Buckler was plaintiff and the said Linder was defendant; that judgment was duly rendered against Linder—this certainly was not sufficient to give the appellant a standing in the action upon which to defend against any right to the possession of the safe the respondents may have had.

I am of the opinion that the judgment appealed from should be affirmed.