[Filed November 24, 1891.]

JOHN WHITE ET AL. *v.* M. J. ESPEY ET AL.

JUSTICE'S COURT—JURISDICTION—LIEN—TRANSCRIPT OF JUDGMENT.—In order to acquire a lien upon real property under Hill's Code, § 2103, a certified transcript of the judgment rendered in a justice's court must be filed with the county clerk; and it must affirmatively appear from the transcript that the inferior court had jurisdiction to pronounce judgment.

INJUNCTION—CLOUD ON TITLE.—Equity will interfere by injunction to prevent a cloud being cast upon the title to real property. *Galbraith* v. *Barnard, ante,* 67, distinguished.

Washington county: FRANK J. TAYLOR, Judge.

Defendants appeal. Affirmed.

This suit is brought to enjoin a sale of real property on execution. The material parts of the complaint are as follows: That on the twenty-ninth day of June, 1889,

the justice's court of the precinct of East Butte, Washington county, Oregon, rendered what purported to be a judgment against the plaintiffs and in favor of the defendant M. J. Espey, doing business under the firm name of the Espey Manufacturing Company, for the sum of $240.10; that said pretended judgment was rendered without jurisdiction, and said court had no right or legal authority to render the same; that no complaint setting out a cause of action against John White, plaintiff above named, had been filed in said court; that no summons had been served on either of the plaintiffs, and said court had no jurisdiction over the defendants or either of them, or over any cause of action against them or either of them, etc., and said pretended judgment was and is void.  After alleging the filing of a transcript of said proceedings with the county clerk and the issuing of an execution by him, the complaint charges that said proceedings constitute a cloud on the real property described in the complaint.

The defendants demurred to the complaint, which being overruled, they filed an answer.  After denying some of the allegations of the complaint, the answer contains new matter as follows:  That on the twenty-ninth day of June, 1889, in the justice's court of East Butte precinct, Washington county, Oregon, a judgment was duly given and made by said court in favor of defendant M. J. Espey, doing business under the firm name of the Espey Manufacturing Company, and against the plaintiffs in this suit, in an action pending in said court last above named for the sum of $244.10, which judgment bears interest at the rate of ten per cent per annum from the date thereof; that said judgment remains wholly unpaid; that thereafter, to wit, on February 25, 1890, defendant M. J. Espey caused a transcript of said judgment to be duly filed with the county clerk of Washington county, Oregon, said transcript being in manner and form as follows, to wit:

"In the Justice's Court of the State of Oregon for the County of Washington, East Butte Precinct.

"*M. J. Espey* (doing business under the name of the Espey Manufacturing Company), plaintiff, v. *John White and Jennie White,* defendants.

"There was a civil action brought before me, J. De Letts, justice of the peace for East Butte precinct, Washington county, state of Oregon, for money, which plaintiff recovered judgment against defendants as follows: Therefore it is considered that the plaintiff recover of the defendants the said sum of one hundred and eighty-six dollars and twenty-five cents and his disbursements in this action, taxed at two hundred and forty-four dollars and ten cents.

"Principal_____$186 25
"Interest_____ 40 35
"Attorney's fees_____ 10 00
"Justice's fees_____ 4 00
"Constable fees_____ 3 50

"$244 10

"J. DE LETTS,
"This June 29, 1889.            ."Justice of the Peace.

"County of Washington, state of Oregon: ss.

"This is to certify that it is a true copy of this judgment entered in my docket in the above action.

"J. DE LETTS,
"Justice of the Peace."

The answer then alleges the docketing of the judgment by the clerk, the request for and the issuance of an execution thereon, on the fifth day of September, 1890, which execution is set out *in hæc verba* in the answer, the delivery of the writ to the defendant Dennis, as sheriff of Washington county for service, and the levy by him upon the real property described in the complaint.

To this answer plaintiff demurred, which was sustained. The defendants made an ineffectual attempt to amend their

answer, and thereupon a final decree was entered for the plaintiff, from which the defendants have appealed.

*S. B. Huston*, for Appellants.

*Thomas H. Tongue*, for Respondents.

STRAHAN, C. J.—Hill's Code, § 2103, provides: "Whenever a judgment is given in a justice's court in favor of any one for the sum of ten dollars or more, exclusive of costs and disbursements, the party in whose favor such judgment is given, may, within one year thereafter, file a certified transcript thereof with the county clerk of the county wherein such judgment was given, and thereupon such clerk shall immediately docket the same in the judgment docket of the circuit court." And the next succeeding section makes such judgment a lien upon the real property of the defendant from the time of docketing the same, as if it were a judgment of the circuit court. Under these sections the appellant contends that the proceedings set up in the answer are regular and sufficient to justify the proposed sale of the plaintiff's real property by the sheriff. As long ago as 1870, in *Dearborn* v. *Patton*, 4 Or. 58, these sections of the code received a construction which has ever since been followed in practice. It was then held in effect that a party acquired no lien unless he filed a certified copy of the judgment; that the filing of a mere abstract of the judgment was an entire failure to meet the requirements of the statute and amounted to nothing.

There are no intendments in favor of courts of inferior jurisdiction. The true rule on this subject was repeated by this court in *Heatherly* v. *Hadley*, 4 Or. 1: "Nothing shall be intended to be out of the jurisdiction of a superior court, except that which specially appears to be so; on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, unless it shall be so expressly alleged." If we look at the abstract filed by the defendant with the county clerk of Washington county, and under which he seeks to justify the sale of the plaintiffs' land, it

will be found to be wanting in every essential element of jurisdiction. It nowhere appears that a complaint was filed or that a summons was issued or served, or that the defendants therein appeared.

And here it may be proper to correct an error into which the learned attorney for the appellants appears to have fallen. He seems to proceed upon the ground that the respondent was bound to negative every possible method or source of jurisdiction in the justice, but the rule is as stated above. The justice is presumed to have had no jurisdiction over the particular case unless the same be made to affirmatively appear by his record; and inasmuch as the defendant could only justify his proceedings by showing a judgment, which the justice had jurisdiction to enter, no very great particularity of statement was required on the part of the plaintiffs.

Counsel for appellant insists that some circumstances must be alleged tending to show that it would be inequitable to enforce said judgment. If this were a case where the sole purpose of the plaintiffs in coming into a court of equity was to be relieved from a judgment, the defendants' contention would be correct. The rule announced by this court in *Galbraith* v. *Barnard, ante,* 67, would then be applicable. But in this case the real purpose of the plaintiffs in invoking the interposition of equity is to prevent a cloud being cast upon the title to their real property. This jurisdiction is constantly assumed and exercised by courts of equity in a very great variety of cases, and is in no way dependent upon the other source of equity jurisdiction referred to.

Let the decree appealed from be affirmed.