Decided February 7, 1898.

WILLITS *v.* WALTER.

[ 52 Pac. 24.]

|  |  |
|---|---|
| 32 | 411 |
| 40 | 103 |
| 40 | 450 |

REVIEW OF DEFAULT JUDGMENT.—Under Hill's Ann. Laws, § 71, providing that objections to a complaint not taken by demurrer or answer are deemed waived, except that the complaint does not state a cause of action, an objection on that ground may be urged for the first time on a writ to review a judgment thereon, although defendant made no appearance in the lower court.

PLEADING JUDGMENT OF JUSTICE'S COURT.—In pleading a judgment of a justice's court as a cause of action, it is necessary to show that the original proceeding was one of which the justice's court had jurisdiction—and this requirement is not dispensed with by section 86 of Hill's Ann. Laws.

PRESUMPTION—JURISDICTION OF INFERIOR COURT.—No presumptions will be indulged in favor of the jurisdiction of a court of inferior or limited power, in view of which the written memorial of the acts and proceedings of such court must affirmatively show that the court had jurisdiction of the subject matter, and acquired jurisdiction of the person in the manner prescribed by law.

From Klamath: W. C. HALE, Judge.

Writ by L. F. Willits against E. L. Walter to review the proceedings of a justice's court. The pro-

ceeding was dismissed by the circuit judge and plaintiff appeals.

                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Geo. S. Nickerson.*

For respondent there was a brief and an oral argument by *Messrs. H. W. Keesee* and *H. L. Benson.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a special proceeding to review the judgment of a justice's court. The return to the writ of review shows that on March 15, 1895, Walter commenced an action against Willits in the justice's court of Bonanza Precinct, Klamath County, Oregon, to recover the sum of $90, and in his complaint alleged, in substance, the following facts: That on March 5, 1894, he commenced an action against one Ida Lechens, in said court, to recover the sum of $114.96, and, having sued out a writ of attachment therein, the constable of said precinct executed the same within said county by delivering a copy thereof, together with a notice specifying the property attached, to the plaintiff herein, who, in his certificate in answer thereto, admitted that he was indebted to said Ida Lechens in the sum of $90, which would be due sometime in April, and would be paid to the constable as ordered by said court; that on March 16, 1894, defendant recovered judgment in said action against Ida Lechens for the amount demanded, and thereupon caused an execution to be issued thereon, in pursuance of which the debt so admitted to be due her was levied upon by the

constable, who, after duly advertising the same in the manner prescribed by law, sold said debt at public auction on April 22, 1894, to defendant; that he was the owner and holder thereof; that the same was due and no part thereof had been paid, and demanded judgment for the amount of said debt. It also appears that a summons in this action was duly issued and on March 15, 1895, personally served in said county on Willits, requiring him to appear and answer the complaint on the twenty-third of that month at the hour of 10 o'clock in the forenoon, and on the day so appointed, at the hour of 1 o'clock in the afternoon, Willits having made default, judgment was rendered against him for the amount demanded and the costs and disbursements of the action, to review which he petitioned the circuit court, and, a writ therefor having been issued, the record of the justice's court relating to said action was certified up as a return thereto, which being considered, the proceeding was dismissed, and plaintiff appeals.

Counsel for plaintiff contends that, Walter having failed to state the facts conferring jurisdiction on the justice's court, or to allege that the judgment in the action instituted by him against Ida Lechens was "duly given," his complaint does not state facts sufficient to constitute a cause of action, and that this objection can be urged in a proceeding to review the judgment, notwithstanding his client failed to appear or answer the complaint. An objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by failure to demur or answer, and may be urged for the first time in the

appellate court: Hill's Ann. Laws, § 71; *Evarts* v. *Steger*, 5 Or. 147. The statute provides that "In pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction": Hill's Ann. Laws, § 86. The rule is universal that no presumptions will be indulged in favor of the jurisdiction of a court of inferior or limited power, in view of which the written memorial of the acts and proceedings of such courts must affirmatively show that the court had obtained a grant of jurisdiction from the sovereign power of the subject matter, and that it had acquired jurisdiction of the person in the manner. prescribed by law: *Heatherly* v. *Hadley*, 4 Or. 1; *White* v. *Espey*, 21 Or. 328 (28 Pac. 71); *Harbeck* v. *Toledo*, 11 Ohio St. 219; *Horan* v. *Wahrenberger*, 58 Am. Dec. 145; *Tucker* v. *Harris*, 58 Am. Dec. 488; *Cooper* v. *Sunderland*, 66 Am. Dec. 52. In *Dick* v. *Wilson*, 10 Or. 490, Lord, J., in commenting upon this principle of law, says: "There should always appear sufficient on the face of the record of an inferior court to show that it had jurisdiction of the cause of which it takes cognizance. No presumption can be indulged to aid its record for the purpose of conferring jurisdiction, but the authority to act, in every instance, must be made to affirmatively appear. * * * Whoever, therefore, sets up the judgment of an inferior court, must show affirmatively the jurisdiction of such court

to render the judgment," It will be observed that the complaint under consideration does not adopt the words of the statute and aver that the judgment "was duly given or made," but alleges that the plaintiff recovered judgment, etc., and this fact is relied upon by counsel for plaintiff to support the contention that the complaint does not state facts sufficient to constitute a cause of action.   In pleading the judgment of an inferior court, it is necessary, at common law, to show that such court had jurisdiction of the subject matter, and of the person (*Hunt* v. *Dutcher,* 13 How. Prac. 538; *Turner* v. *Roby,* 3 N. Y. 193; *Barnes* v. *Harris,* 4 N. Y. 375), and it is insisted that our statute modifying this rule, being in derogation of the common law, should be strictly construed, a contention which it must be conceded is supported by respectable authority: *Hunt* v. *Dutcher,* 13 How. Prac. 338; *Wheeler* v. *Dakin,* 12 How. Prac. 537; *Thomas* v. *Tanner,* 14 How. Prac. 426; *Young* v. *Wright,* 52 Cal. 407; *Judah* v. *Fredericks,* 57 Cal. 389; *City of Los Angeles* v. *Mellus,* 59 Cal. 444.

But, assuming, without deciding, that the words "recovered judgment" answer the requirements of our statute, the complaint is fatally defective, tested by the decision of this court in *Page* v. *Smith,* 13 Or. 410 (10 Pac. 833). THAYER, J., construing section 86, Hill's Ann. Laws, in determining the sufficiency of a pleading, says: "The subsequent allegations in the answer, that judgment was duly rendered against Linder, and execution issued thereon, and that by virtue of said execution the safe was sold, was not a sufficient statement of the facts of the recovery of a

valid judgment. They do not show that any action
was commenced in any court. The statute has very
much simplified the pleading of judgments of justices'
courts, but I think it still necessary to allege the com-
mencement of the action in the particular court, and
to specify the claim upon which it is brought, so as to
show that the court had jurisdiction of the subject
matter." Walter alleges in his complaint: "That on
the fifth day of March, 1894, this plaintiff commenced
an action against one Ida Lechens in the above named
court to recover the sum of $114.96; that on the six-
teenth day of March, 1894, the said plaintiff recovered
judgment against the said Ida Lechens, in said action,
for the sum of $114.96, and for the costs and disburse-
ments of said action, taxed at $36.25." It will be ob-
served that, while this complaint alleges that an action
was commenced in the justice's court of said precinct
and county, it fails to specify the nature of the claim
upon which it was brought, and hence it cannot be said
that the record affirmatively shows that the court had
jurisdiction of the subject matter. The organic law
of the state provides that justices of the peace may be
invested with limited judicial power (Constitution of
Oregon, article VII, § 1), and in pursuance thereof
the legislative assembly has conferred upon a justice's
court concurrent jurisdiction of prescribed causes of
action: Hill's Ann. Laws, § 908. The next section
reads as follows: "The jurisdiction conferred by the
last section does not extend, however,—1. To an
action in which the title to real property shall come
in question; 2. To an action for false imprisonment,
libel, slander, malicious prosecution, criminal conver-

sation, seduction or upon a promise to marry." The complaint does not show that the action was founded upon any of the causes specified in section 908, nor does it negative the fact that it might possibly have been instituted for the maintenance of a prohibited action. It would seem in *Page* v. *Smith*, 13 Or. 410 (10 Pac. 833), that the construction to be given to section 86, Hill's Ann. Laws, rendered it unnecessary to state the means adopted to obtain jurisdiction of the person, if the party alleged that the judgment which formed the basis of an action or defense was duly given or made, but that it was essential to show that the cause of action was one of which the justice's court had jurisdiction. A liberal construction, however, of section 86 would seem to render it unnecessary to state the facts conferring jurisdiction of the subject matter (*Crake* v. *Crake*, 18 Ind. 156), but this court having adopted a different rule of practice, upon which plaintiff doubtless relied, we feel bound by it in this special case, and as there is nothing in the pleading to show that the action in question was not predicated upon a prohibited cause, and as no presumptions in favor of jurisdiction will be indulged, it follows that the complaint does not state facts sufficient to constitute a cause of action, and the judgment of the justice's court, being unsupported, should be reversed. The judgment of the circuit court must therefore be reversed, and the cause remanded, with directions to reverse the judgment of the justice's court.

REVERSED.