TIFFANY v. ANDERSON.

55 405
112 676

1. **Sale:** CHANGE OF POSSESSION: NOTICE. Neither a change of possession of chattel property sold, nor the recording of evidence of the sale, are necessary to its validity as against one having actual knowledge or notice of the sale.

2. **Estoppel:** CONDUCT OF PARTY: INTENTION. A person may be estopped by his conduct whether or not he intended that others should act upon the strength of it, if it authorized the belief that such was his intention.

*Appeal from Scott Circuit Court.*

SATURDAY, DECEMBER 18.

ACTION of replevin for a horse. There was a verdict and judgment for defendant. . Plaintiff appeals. The facts of the case involved in the points decided appear in the opinion.

*Clark & Haywood*, for appellant.

*Stewart & White* and *James J. Parks*, for appellee.

BECK, J.—I. The petition alleges that plaintiff is the owner of the property, and that defendant claims the right of possession under an agreement between him and a former owner, and by virtue of a lien for keeping the horse, the amount whereof is unknown, but plaintiff offers to pay whatever sum is due upon such claim. The answer denies knowledge by defendant of plaintiff's ownership of the horse and other allegations of the petition, and as a defense alleges that one Beardsley was the owner of the horse, and entered into a written agreement with defendant before plaintiff acquired any claim to the horse, to the effect that defendant was to keep and train the horse, which was a stallion, and have the use of him "upon the trotting course and in the stud," for two seasons, ending with the year 1879, for half of the net profits; that defendant should have a lien upon the horse to secure an indebtedness from Beardsley to defendant of $275, and the

right of possession until the defendant was paid, and that the horse was delivered to defendant, and the possession was retained under this agreement until the horse was taken upon the writ issued in this case. The defendant claims a special property in this horse under this lien. A copy of the contract was made an exhibit to the answer. It in substance accords with the allegations of the petition. The plaintiff in his reply to the answer avers that, at the time of the purchase of the horse by plaintiff from Beardsley, the defendant "stood by and gave no notice of his claim now set up, although inquired of by plaintiff at the time as to the existence of any claims or incumbrances upon the horse;" that the contract was not recorded, and plaintiff had no notice of the existence of the claim and lien of defendant.

II. There was evidence tending to prove that the consideration of the bill of sale under which plaintiff shows title was the indorsement of a note executed by Beardsley, who at the time owned the horse. The proof also tended to support the estoppel pleaded by plaintiff in his reply.

The plaintiff, at the proper time, asked the court to direct the jury to return special findings in response to the following questions, which was refused:

"1. Did plaintiff indorse a note of J. M. Beardsley's in consideration of the bill of sale made by said Beardsley to said plaintiff for the horse in question in this suit?

"2. Did plaintiff before indorsing said note, in the presence of the defendant, Henderson, make inquiry as to the existence of liens or charges held by him against said horse?

"3. Did defendant know, or have good reason to know, what transaction was taking place between J. M. Beardsley and plaintiff?

"4. Did defendant by his conduct lead plaintiff to believe that no claim of the nature now sought to be set up existed?"

The rsfusal of the court to submit these questions to the jury constitutes plaintiff's first ground of complaint. We think the ruling is correct. The first question relates to the

consideration of the bill of sale. Neither in the pleadings nor evidence was the sufficiency of the consideration disputed. The question, therefore, was immaterial, as it involved a matter not in dispute.

2. The second and third questions are indefinite and failed to direct the jury to the matter without which an estoppel could not have been inferred. These questions should have directed the minds of the jury to the sale of the horse, and that plaintiff made inquiries of defendant after he was informed that such a sale was about to be made. The second question did not require the jury to inquire whether defendant knew the sale of the horse was about to be made, and the third did not specify the transaction of the sale. An affirmative answer would not have led to the conclusion that defendant knew that a sale was about to be made.

3. The fourth question required the jury in their answer to determine questions of law as well as of fact.

III. In two or three instructions given to the jury, the court held that plaintiff's title could not be regarded as valid, unless the jury found that the possession of the horse was delivered under the bill of sale. If defendant had notice of the transfer under the bill of sale, neither the delivery of possession of the property nor recording of the instrument was necessary, in order to pass the title to plaintiff. *Allen v. McCalla*, 25 Iowa, 464. Upon the subject of notice the court gave the jury no instructions. The jury were authorized to understand the instructions to direct them to find for defendant, in case they did not find that the property had not been delivered, even though they found that defendant had notice of the sale to plaintiff. The instructions are clearly erroneous and misleading.

*1. SALE: change of possession: notice.*

IV. The court instructed the jury that in order to create an estoppel by the conduct of defendant he must have intended that the plaintiff should act upon such conduct. In this, as all other cases, the acts and language of a party must be interpreted

*2. ESTOPPEL: conduct of party: intention.*

according to his real intentions. But intentions may be inferred when not clearly expressed. And if the language or acts would authorize a reasonable person to infer that certain intentions existed, the law will presume their existence and the party will be bound thereby. See Bigelow on Estoppel, pp. 452, 456, 480. In the absence of directions in regard to presumptions as to the defendant's intention, the instruction was calculated to mislead the jury. The jury doubtless failed to inquire for the intentions of the parties by considering their acts and conduct.

Other questions discussed by the counsel need not be considered. For the error in the instructions above pointed out, the judgment of the Circuit Court is

REVERSED.