## CREIGHTON *v.* VINCENT.

STATUTE OF LIMITATIONS.—Where an instruction was asked to the effect that a certain amount applied as a credit by the creditor to the indebtedness of the debtor with his assent, was a payment which would take the same out of the operation of the statute of limitations; *Held,* That the refusal of such instruction was error; *Held, further,* That Section 25 of the civil code refers only to payments made on contracts before the statute has run against them, and fixes, by such payment, a new date from which the limitation of action thereon commences to run *de novo.*

APPEAL from Benton County. The facts are stated in the opinion.

*Chenoweth & Johnson,* for appellant.

*J. W. Rayburn,* for respondent.

By the Court, LORD, C. J.:

In this case it is admitted that the original indebtedness is barred, and the only question, upon the instruction asked and refused, to be decided is, whether a payment of part of the indebtedness applied by the defendant as a credit upon such indebtedness, with the assent of the plaintiff, would have the effect to take the same out of the operation of the statute of limitations. At the argument it was claimed that a proper solution of this question would depend upon the construction which the court should give to section 25 of the code. That section provides: "Whenever any payment of principal or interest has been or shall be made

upon an existing contract, whether it be a bill of exchange, bond, promissory note, or other evidence of indebtedness, if such payment be made after the same becomes due, the limitation shall commence from the time of the last payment." This section has already received a construction at the hands of this court, and it seems to us that its bare reading must make it manifest that this section has nothing to do with the matter under consideration. It refers only to payments made on contracts before the statute has run against them, and fixes by such payment a new date from which the limitation of actions thereon commences to run *de novo*. In construing this section in *Partlow* v. *Singer*, 2 Or. R., 310, the court say: "Ordinarily the statute begins to run when the note is due; in this case the statute fixes the time at the date of the last payment, and such plain language can have no other signification." See also *Whitaker* v. *Rice*, 9 Minn., 13; *Brisbin* v. *Farmer*, 16 Minn., 222. Plainly, then, it is not under section 25, but section 24 that we must look for the law applicable to the decision of this question. Section 24 reads as follows: "No acknowledgement or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby, but this section shall not alter the effect of any payment of principal or interest."

It may be observed that this section is nearly a transcript of the enacting clause of the statute, 19 Geo., 4th ch., 14, commonly called Lord Tenwiden's act, and that payment of principal or interest on a specific demand is still retained by the statute as sufficient to keep it in force. The instruction only asked that the sum applied by the defendant as a credit upon the indebtedness, with the assent of plaintiff, was

a payment which would take the case out of the operation of the statute. The payment by a debtor of a certain sum to his creditor, with the undertanding that it shall be treated as a payment on his debt, will be sufficient to revive the cause of action barred by the statute. And when the creditor applies the amount paid upon the debt as a credit, with the assent of the plaintiff, it is sufficient to revive the debt.

It follows that the judgment is reversed, and a new trial ordered.