Decided 12 June, 1899.

## MUNROE *v.* THOMAS.

[ 57 Pac. 419.]

1. JUSTICE OF THE PEACE—JURISDICTION MUST APPEAR IN RECORD.—Jurisdiction of a justice's court over the person of the defendants will not be presumed in a direct attack upon its judgment, but must affirmatively appear from an inspection of the transcript of the proceedings: *Tustin* v. *Gaunt*, 4 Or. 306; *Dick* v. *Wilson*, 10 Or. 490, and *Tompkins* v. *Clackamas County*, 11 Or. 364, followed.

2. SERVICE OF SUMMONS.—Session Laws, 1893, p. 39, ₴ 5, requiring a summons issued by a justice of the peace to be served by delivering a copy thereof to the defendant, or to a member of his family, if he cannot be found, is not complied with by reading the summons to the defendant, and delivering to him a copy of the complaint.

From Grant :   MORTON D. CLIFFORD, Judge.

Petition by R. F. Munroe and Otto Wicks against John Thomas and E. L. Cox for a review of a judgment of a justice of the peace.   From a dismissal of the writ, plaintiffs appeal.                    REVERSED.

For appellants there was a brief over the name of *Dustin & Wood*, with an oral argument by *Mr. M. Dustin*.

For respondents there was neither brief nor argument.

MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal from a judgment of the circuit court for Grant County dismissing a writ of review. The return to the writ shows that on August 19, 1897, the defendants commenced an action in a justice's court of said county against the plaintiffs to recover the sum of $100 as damages on account of an alleged trespass upon real property. The proof of service of the summons issued therein, as shown by the transcript, is as follows : "Received the within August 19, 1897. Served the same August 20, 1897, in Susanville and Austin Precincts, Grant County, State of Oregon, by reading the same to the defts., together with delivering a copy of the complaint, duly certified to by D. H. Briggs, Constable." At the time specified in said summons for the trial, neither of the defendants appeared or pleaded to the complaint, whereupon judgment by default was rendered against them for the amount demanded.

1. The question presented for consideration is whether the justice's court had jurisdiction of the persons of the defendants in said action, plaintiffs herein ; for, such court being one of limited powers, jurisdiction will not be presumed, but, in a direct attack upon the judgment, must affirmatively appear from an inspection of the transcript of its proceedings :  Brown, Jur. § 22 ;  12 Am. & Eng. Enc. Law (1 ed.), 274 ;  *Thompson* v. *Multnomah County*, 2 Or. 34 ;  *Johns* v. *Marion County*, 4 Or. 46 ; *State* v. *Officer*, 4 Or. 180 ;  *Tustin* v. *Gaunt*, 4 Or. 306 ; *Dick* v. *Wilson*, 10 Or. 490 ;  *Tompkins* v. *Clackamas County*, 11 Or. 364 (4 Pac. 1210). "No rule of construction," says Mr. Justice WILSON, in *Hunsaker* v. *Coffin*, 2 Or. 107, "has been better settled than that, when the steps by which a court obtains jurisdiction are prescribed in the statutes, they must be clearly followed, that the court may have full authority over the person."

2.   Section 5 of the act "to simplify proceedings in justice's courts" (Sess. Laws, 1893, p. 39), in force when the action was commenced, provided that "service of the summons may be made either by delivering a copy thereof to him [defendant] in person, or if he cannot, after reasonable diligence, be found, by leaving a copy thereof for the defendant at his usual place of abode with some person of his family over the age of fifteen years.   If the defendant be a corporation, service of the summons may be made upon it by delivering a copy thereof to the president, secretary, or managing or local agent of such corporation."   The statute, as we view it, makes the delivery of a copy of the summons to the defendant in the action mandatory, and, the summons not having been served in the manner prescribed by the act, the justice's court never obtained jurisdiction of the persons of the defendants.   The judgment will, therefore, be reversed, and the cause remanded, with directions to the circuit court to annul the judgment of the justice's court.                              REVERSED.