Argued February 25, decided April 13, 1909.

## ASHLEY *v.* PICK.

[100 Pac. 1103.]

JUDGMENT—PLEADING—JURISDICTION—NECESSITY OF ALLEGING FACTS.

1. The authority of a superior court to hear and determine causes is presumed, and hence it is unnecessary in asserting a right based on a judgment of such court to set forth the facts conferring jurisdiction.

JUDGMENT—COURTS OF LIMITED JURISDICTION—PLEADING—STATUTORY PROVISIONS.

2. While at common law no presumption in favor of the jurisdiction of an inferior court was indulged, and it was essential in pleading a judgment of such tribunal to allege the facts conferring power to hear and determine the cause, the rule has been changed by Section 87, B. & C. Comp., providing that, in pleading a judgment of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment may be stated to have been duly given.

JUDGMENT—PLEADING—STATUTES.

3. Enactments changing the manner of stating the facts conferring jurisdiction on an inferior court, being in derogation of common law, are strictly construed, and where, in pleading a right derived from a judgment of an inferior court, the statute is not complied with, the averment, if challenged by demurrer, is generally held to be insufficient.

JUDGMENT—PLEADING—JURISDICTION.

4. Under Section 87, B. & C. Comp., providing that in pleading a judgment of a court of special jurisdiction, the facts conferring jurisdiction need not be stated, but such judgment may be stated to have been duly given or made, where it was not alleged that a judgment was duly given or made, and the facts conferring jurisdiction of the subject-matter were not stated, the averment that a writ of attachment was duly issued, and that the court having jurisdiction over defendant and the subject-matter of the action rendered a judgment therein, was insufficient as a basis of a right founded on the judgment alone.

JUDGMENT—PLEADING.

5. Under Section 87, B. & C. Comp., providing that in pleading a judgment of a court of special jurisdiction, the facts conferring jurisdiction need not be stated, but such judgment may be stated to have been duly given or made, where it is stated in the formal allegations that a judgment was "duly given" or "duly made," the statute is fully complied with, and the averment will be held sufficient.

ESTOPPEL—EQUITABLE ESTOPPEL—SILENCE.

6. To prevent a party from maintaining an action or defense because of his failure to speak when he had a chance, and knew his right was being invaded, not only must it have been his duty to give notice, but his silence must have amounted to a legal fraud, in that the adverse party, ignorant of the truth, was misled into doing something he would not have done but for such silence.

ESTOPPEL—SILENCE—FAILURE TO ASSERT TITLE.

7. An owner of goods standing by and voluntarily allowing another to treat them as his own, whereby a third person is induced to buy them *bona fide*, cannot recover them from the purchaser.

ESTOPPEL—EQUITABLE ESTOPPEL—INTENT.

8. One may be estopped by his conduct, whether or not he intended that others should act on the strength of it, if it induced the belief that his intention was compatible with his conduct.

ESTOPPEL—ESTOPPEL IN PAIS—PLEADING.

9. The facts constituting an estoppel *in pais* must be alleged with particularity, and it must be stated that the party to be barred has been guilty of such conduct as would preclude him from asserting anything to the contrary, and that the party pleading the estoppel was ignorant of the true condition, and acted on such implied misrepresentations to his prejudice.

ESTOPPEL—PLEADING—SUFFICIENCY.

10. Where, in an action for the value of property, plaintiffs alleged that the owners of the property, after storing it with defendant and obtaining a receipt therefor, sold it to plaintiffs, and assigned the receipt to them, and that defendant thereafter converted the property to his own use, an answer alleging that the property was attached in an action against the former owners, and sold to satisfy the judgment rendered against them in such action; that defendant had no knowledge of the sale to plaintiffs or of the assignment of the receipt to them; that plaintiffs, knowing of the attachment, acquiesced therein, making no claim of ownership prior to the sale, or notifying defendant that they claimed any interest in the property; and that by reason thereof defendant took no appeal from the judgment and order of sale, etc.—stated facts sufficient to constitute an estoppel.

From Multnomah: EARL C. BRONAUGH, Judge.

This is an action by M. A. M. Ashley and C. E. Rumelin, partners doing business under the firm name of Ashley & Rumelin, against C. O. Pick, doing business under the firm name of the C. O. Pick Transfer & Storage Company. From a judgment in favor of plaintiffs, defendant appeals.                                    REVERSED.

For appellant there was a brief over the names of *Messrs. Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. John M. Gearin.*

For respondent there was a brief and an oral argument by *Mr. Walter S. Hufford.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an action by M. A. M. Ashley and C. E. Rumelin, partners as Ashley & Rumelin, against C. O. Pick, who was doing business under the firm name of C. O. Pick Transfer & Storage Company, to recover the value of certain counters, shelving, cases, etc., which, it is alleged, the defendant converted to his own use.

The complaint avers the legal capacity of the parties, and states that on April 22, 1907, A. J. Parrington and his wife, being the owners of such property, stored it with the defendant, who delivered to them a receipt therefor; that, on the day the memorandum was issued, Parrington and his wife assigned it to the plaintiffs, and also sold and transferred the store furniture to them; and that on July 27, 1907, the plaintiffs presented such receipt to the defendant, tendered the storage due, and demanded the possession of the property, but he refused to deliver any part thereof, and converted the same to his own use, damaging the plaintiffs in the sum of $850, for which judgment is demanded.

The answer denies the material averments of the complaint, sets forth a copy of the receipt, which recites that it should be non-negotiable, and contains the following allegations:

"(5) That afterwards, to-wit: on the 1st day of May, 1907, in a civil action for recovery of money then pending in the justice court for Portland district, Multnomah County, State of Oregon, wherein D. H. Smith was plaintiff and said A. J. Parrington and Olive Parrington, his wife, were defendants, a writ of attachment was duly issued, commanding the constable of said district, of the personal property of said defendant, to attach and safely keep to satisfy the demands of plaintiff in said action, together with the costs and expenses thereof. That under and pursuant to said writ all the personal property described in said complaint and so received by this defendant was duly attached and levied upon as the property of said defendants in said action. That afterwards, and on the 6th day of June, 1907, said court having jurisdiction over said defendant and the subject-matter of said action, rendered a judgment therein in favor of said plaintiff, and against said defendant, and all of said attached property was by the order of said court directed to be sold to satisfy said judgment. That, pursuant to such order and judgment of said court, the constable of said district did on or about the 22d day of June, 1907, take from the possession of this defendant all of said personal property, and pursuant to said judg-

ment and order of sale, after having duly advertised the same, sold all said personal property to satisfy the judgment so rendered by said court in such action against said defendants A. J. Parrington and wife.

"(6) Further answering, defendant avers that he had no knowledge or any information of any sale, assignment, or transfer of the receipt so issued by him for the personal property so received from said A. J. Parrington and wife prior to the said 27th day of July, 1907, and long after the attachment levy upon and sale of said personal property; that said plaintiffs knew and were well aware that all of said personal property was so attached and levied upon as the property of said A. J. Parrington and wife, and was being advertised and sold as such; that the place of business of plaintiffs is in the same vicinity as that of defendant, and, during all the while said property so sold under attachment (was) being advertised and sold to satisfy the judgment against said Parrington and wife, the said plaintiffs, being fully advised thereof, acquiesced therein, and did not then or ever prior to such sale make any claim of ownership or any interest in said personal property, or cause any information to be given to this defendant that they had or claimed the same or any interest therein; that solely by reason of such acquiescence of plaintiffs in the proceedings then being had to subject the said property to the payment of said judgment, and the lack of any knowledge or information that plaintiffs claimed said property or any interest therein, this defendant took no appeal from the order and judgment of said court, directing the sale of said property, or any steps to enjoin the constable of said district from taking possession of said property under said writ, and this defendant alleges that, by reason of the acquiescence of plaintiffs on such levy and sale of said property, the plaintiffs are now estopped from making claim thereto."

A demurrer to the quoted parts of the answer, on the ground that the facts so stated did not constitute a defense, was sustained, and, a trial being had on the remaining issues, a judgment was rendered against the defendant for the sum of $200, and he appeals.

1. It is contended by defendant's counsel that the facts pleaded as an estoppel, if substantiated by evidence,

would have constituted a bar to the maintenance of the action, and, that this being so, an error was committed in sustaining the demurrer. It is maintained by plaintiff's counsel, however, that the answer does not show that the justice's court secured jurisdiction of the subject-matter of the action, in consequence of which no foundation was laid for an estoppel. The authority of a superior court to hear and determine causes is presumed, and hence it is unnecessary, in asserting a right based on a judgment of such court, to set forth the facts conferring jurisdiction. *Rutenic* v. *Hamakar,* 40 Or. 444 (67 Pac. 196).

2. At common law no presumption in favor of the jurisdiction of an inferior court was indulged; and for that reason it was essential, in pleading a judgment of such tribunal, to allege the facts conferring power to hear and determine the cause. *Dick* v. *Wilson,* 10 Or. 490; *Munroe* v. *Thomas,* 35 Or. 174 (57 Pac. 419). This rule is changed by our statute, which contains the following enactment:

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction." Section 87, B. & C. Comp.

Notwithstanding this change in the common-law rule, a demurrer was sustained to a complaint which averred that a judgment in a justice's court was "duly" rendered, because the facts stated did not show that an action had been commenced, or allege that jurisdiction of the subject-matter had been secured. *Page* v. *Smith,* 13 Or. 410 (10 Pac. 833). The principle thus asserted was observed in *Willits* v. *Walter,* 32 Or. 411, 417 (52 Pac. 24, 25), where, in referring to the statute, which makes it unnecessary to state the facts conferring jurisdiction of

the subject-matter, it is said: "But this court having adopted a different rule of practice, upon which plaintiff doubtless relied, we feel bound by it in this special case." It will thus be seen that the doctrine previously promulgated was followed because a party had undoubtedly relied thereon, but it will be observed from the language last quoted that notice was given of a departure from the rule theretofore establishd.

Though the conclusion we have reached in the case at bar may not render it necessary to examine the sufficiency of that part of the answer which relates to the judgment alleged to have been rendered by the justice's court, the reiteration of the notice mentioned is in our opinion a sufficient justification for a consideration of the question. It will be remembered that the answer states that a writ of attachment was "duly" issued, but it is not averred that the judgment was "duly" given or made, as required by statute. Section 87, B. & C. Comp. On the ground that the averment was equivalent to a statement that the judgment had been "duly given or made," it is possible that the allegation, "said court having jurisdiction over said defendant and the subject-matter of said action rendered a judgment therein," would have been adequate if its sufficiency had not been challenged by a demurrer. *Pierstoff* v. *Jorges,* 86 Wis. 128 (56 N. W. 735: 39 Am. St. Rep. 881, 884).

3. Enactments changing the manner of stating the facts conferring jurisdiction upon an inferior court being in derogation of the common law are strictly construed; and, where in pleading a right derived from a judgment of an inferior court the statute is not complied with, the averment, if challenged by a demurrer, is generally held to be insufficient.

4. Thus in *Young* v. *Wright,* 52 Cal. 407, an answer averred that the judgment of an inferior court was "duly rendered," and upon demurrer to the pleading it was ruled in construing an enactment like ours (Section

87, B. & C. Comp.) that the allegation was insufficient, and that the term last quoted was not equivalent to the statutory expression, "duly given or made." In the case at bar the answer does not allege that the judgment rendered by the justice's court was "duly given or made," and, as the facts conferring jurisdiction of the subject-matter are not stated, the averment is insufficient as a basis of a right founded upon the judgment alone.

5. We have taken this opportunity to indicate that the rule in respect to the manner of pleading a judgment of an inferior tribunal, as announced in *Page* v. *Smith,* 13 Or. 410 (10 Pac. 833), will no longer be observed, and to give notice that where it is stated in the formal allegations of parties that a judgment was "duly given" or "duly made" the statute has been fully complied with, and that the averment will be held to be sufficient. As far as can be ascertained from an examination of the allegations of that part of the answer to which attention has been called, the defendant does not derive any right in or title to the property in question from the judgment rendered in the justice's court, or base his defense upon the final determination of that tribunal. The proceedings therein appear to have been stated as matters of inducement, which are set forth by way of explanatory introduction to the main averment, and as a foundation for asserting the estoppel upon which reliance is placed. It is possible that the judgment in the justice's court is so defective that defendant's counsel would not assert that it was "duly given or made"; and, if such was the case, the statutory requirement was properly omitted from the verified answer.

6. The remaining questions are: Do the facts alleged constitute an estoppel? If so, are they sufficiently stated for that purpose? As a preliminary matter, it may be said that in order to prevent a party from maintaining an action or a defense, in consequence of his failure to speak when he had an opportunity and knew

that his right was being invaded, not only was a duty incumbent to give notice, but it was necessary that the silence amount to a legal fraud, in that the adverse party, ignorant of the truth, was misled into doing something which he would not have done but for such muteness.  11 Am. & Eng. Enc. Law (2 ed.) 434; 16 Cyc. 759.

7. Thus in *Pickard* v. *Sears*, 6 Adol. & El. 469, the plaintiff's goods, which were in the possession of a third party, were seized under an execution against the latter and sold to the defendant.  In an action of trover it was held under a plea denying plaintiff's possession that the defendant might show that the plaintiff authorized the sale, and that the jury might infer such permission from the plaintiff consulting with the execution creditor as to the disposal of the property, without mentioning his claim, after he knew of the seizure of the goods and of the intention to sell them.  In referring to that case the court in *Preston* v. *Mann*, 25 Conn. 118, 127, says: "In Connecticut, and in fact in the courts of this country, and of England generally, the proposition of Lord Denman (*Pickard* v. *Sears*, 6 Adol. & El. 469) seems to have met with approbation."  When the owner of goods stands by and voluntarily allows another to treat them as his own, whereby a third person is induced to buy them *bona fide,* such owner cannot recover the property from the purchaser.  *Gregg* v. *Wells*, 10 Adol. & El. 90.

8. A person may be estopped by his conduct, whether or not he intended that others should act upon the strength of it, if it induced the belief that his intention was compatible with his conduct.  *Tiffany* v. *Anderson*, 55 Iowa, 405 (7 N. W. 683).

9. The facts constituting an estoppel *in pais* must be alleged with particularity.  It must be stated that the party to be barred has been guilty of such conduct as would preclude him from asserting anything to the contrary, and that the party pleading the estoppel was ignor-

ant of the true condition, and acted upon such implied misrepresentations to his prejudice. 8 Enc. Pl. & Pr. 10.

10. The answer sets forth the facts relied upon in the manner indicated, and the averments are sufficient to constitute an estoppel, if established at the trial; and hence an error was committed in sustaining the demurrer. It follows that the judgment should be reversed and the cause remanded for a new trial; and it is so ordered.

REVERSED.