ALGERNON SIDNEY PHELPS, Appellant, v. JOHN LINNAN, Appellee.

**APPEAL AND ERROR:** Waiver of Error—Failure to Request Ruling. He who objects to evidence, but fails to insist upon a ruling and makes no motion to exclude, waives any error, if any, in the reception of the evidence.

**ESTOPPEL:** Equitable Estoppel—Estoppel by Negligence—Assignments. There may be an estoppel *by negligence.* So *held* where the assignee of a contract allowed the original contract to remain in the hands of the assignor.

PRINCIPLE APPLIED: One Linnan contracted in writing with one Hunter for the installation of a gas generator in Linnan's residence. Hunter, in order to secure credit, assigned the contract, by separate writing, to Phelps, who was the manufacturer of the generator, and in the assignment, Hunter agreed to install the plant and take the notes in Phelps' name. Phelps wrote Linnan, notifying him of the assignment and directing payment to be made to him (Phelps), and Hunter, on said letter, endorsed a like direction as to payment. *Phelps never had possession of the original contract. He allowed it to remain at all times in Hunter's possession.* The plant arrived, and Hunter sent his employee to install it. Owing to trouble between Hunter and Phelps, Linnan declined to proceed with the deal, but the employee *exhibited the original contract* and told Linnan that Hunter and Phelps had settled their trouble and that he was there to install the plant for Hunter and to settle with Linnan. Linnan relied upon this and the plant was installed. Hunter then wrote Linnan: "Pay full amount, less discount, to gas fitter, cancelling former orders, and this will be your receipt in full and return of original contract." Linnan settled accordingly and received the original contract, duly satisfied. Phelps was yet, in fact, the

owner of the contract under his assignment. *Held,* Phelps' negligence estopped him from recovering from Linnan.

**PRINCIPAL AND AGENT: Implied Agency—Estoppel to Deny. One**
**3** may, by arming another with apparent authority to act for him, be estopped to dispute the agency.

PRINCIPLE APPLIED: See No. 2.

*Appeal from Sioux District Court.*—W. D. Boies, Judge.

Saturday, February 12, 1916.

This is an action at law by an alleged assignee of a contract for the installation of a gas generator, against the purchaser under said contract, for the full amount of the purchase price, the purchaser having already paid assignor the full amount called for by the contract. The case was tried to the court without a jury, and the court found for the defendant. Plaintiff appeals.—*Affirmed.*

*Gerrit Klay,* for appellant.

*Van Oosterhout & Kolyn,* for appellee.

Preston, J.—Defendant admits the execution of contract on June 9, 1914. Under this contract, Hunter & Challman agreed to install a carbide feed gas generator, pipe defendant's residence and furnish fixtures, all under a five-year guarantee; and the defendant agreed, in consideration of the above, to pay $275 when the job was finished. Defendant also admits the receipt by him of two letters from the New England Manufacturing Company, one of which is as follows:

"Chicago, Ill., June 28th, 1913.

"Mr. John Linnan,

"Maurice, Iowa.

"Dear Sir:—

"On the 24th, Hunter & Challman assigned to me your order given to them for lighting plant. You will therefore please pay me in accordance with your order instead of them.

The object of this assignment is to obtain further credit from me, as I am the manufacturer of the generators, and have already shipped the goods to you.

"This will make no difference with you as the plant will be properly installed, and you will be pleased with the lighting system. I guarantee to you the plant will work properly.

"Yours very truly,
"NEW ENGLAND MFG. COMPANY.
ASP                     "By A. S. Phelps."

The second letter is like this, except that, at the end, in a notation as follows:

"Kindly settle as per above, which is self-explanatory.
"Hunter & Challman."

This last was sent to the defendant by Hunter & Challman. The assignment, which was on a separate paper from the written contract, is in the following form:

"Sioux City, Iowa, June 24, 1913.
"Mr. A. S. Phelps,
"Chicago, Ill.
"Dear Sir:
"In consideration of the amount owed you by us and for goods to be shipped on the following orders which we sent you, we hereby assign to you the following contracts:
"June 9, John Linnan (and six others).
"Our men will install these plants as soon as they arrive and take the notes or drafts in your name, so you need feel no uneasiness about our account. We trust these goods go forward at once.

"Yours truly,
"Hunter & Challman,
"per W. S. Hunter."

But the contract between plaintiff and Hunter & Challman for the gas generator was not delivered to the plaintiff, but retained by the assignors. After defendant received the notices or letters of June 28th, the generator was installed; and when the contract was completed according to its terms, defendant paid the full amount of said contract to the party installing the same and received from him the original contract, duly satisfied and cancelled. After such installation, defendant was directed in writing as follows:

"Sioux City, Iowa, July 3, 1913.

"Pay full amount less discount to gas fitter cancelling former orders, and this will be your receipt in full and return of original contract.

"Hunter & Challman, per S. K. C."

And indorsed upon the contract was the following:

"Paid in full July 11, 1913. This is original contract.
.          "Hunter and Challman, per E. T. Kyder."

It appears that Kyder, as an employee of Hunter & Challman's, is the man who did the work of installing the plant. The defendant testifies that, before the plant was installed, he had a conversation with Kyder and that; at that time, the generator and all the fixtures were still at the depot, and that defendant refused to have anything to do with it under the conditions, but that Kyder claimed he was sent there by Hunter & Challman and said that their trouble had been adjusted and that he had the original contract and everything and was instructed to install the plant and have it satisfactory and settle for it, either by note or cash, whichever defendant should choose. The defendant interposed the following defenses:

"1. That he never received from the plaintiff in this action any proper notice of the assignment of the claim to him.

"2.   That full payment has already been made in good faith in satisfaction of this contract.

"3.   That if any assignment was made to plaintiff, said assignment was one made by W. S. Hunter, one of the members of the partnership of Hunter & Challman, of partnership assets belonging to said firm, to secure his own individual debt to plaintiff, and hence fraudulent and void as to the partnership of Hunter & Challman and as to this defendant.

"4.   That plaintiff was guilty of gross negligence in permitting Hunter & Challman to retain possession of the original contract after the assignment and thus enabling them to retain possession of the evidence of the debt and deliberately empowering said Hunter & Challman to enforce the collection of the amount stipulated in the contract, and that plaintiff's conduct and negligence in so doing now bar and estop him from denying the authority of Hunter & Challman and their agents to collect the amount due under the contract.

"5.   That the contract upon its face is an unassignable one, being a contract calling for personal skill and services and being at the time of the attempted assignment wholly executory.

"6.   That the contract is on its face unassignable by reason of the fact that it creates personal liability on the firm of Hunter & Challman and upon the partners comprising said firm inasmuch as the firm guarantees the lighting system and installation for a period of five years."

The errors assigned are:

First, that the court erred in overruling plaintiff's objection to the testimony of Kyder, heretofore set out; second, that the court erred in finding for the defendant under the evidence; third, that the court erred in overruling the motion for new trial.

1.   As to the objection to Kyder's testimony, the record shows that the court made no ruling on the objection, and

plaintiff did not request or insist upon a ruling, and there was no motion to strike it out. This being so, the error, if any, in the admission of the evidence was waived. *Langhammer v. Manchester,* 99 Iowa 295.

**1. APPEAL AND ERROR: waiver of error: failure to request ruling.**

It is said by appellee that, in any event, the evidence was competent because the original contract had not been delivered to plaintiff under the assignment; and that, at the time of this conversation, Kyder had the contract with him; and that defendant had a right to rely upon appearances as they appeared to defendant at the time he settled for the plant; and that the differences between plaintiff and Hunter & Challman had been adjusted. We are inclined to this view, but deem it unnecessary to determine the point, because, as stated, the objection was waived.

2. One of the defenses is that, because plaintiff did not take possession of the original contract, but allowed the same to remain in the hands of the assignors and permitted them to use it in further dealings with defendant, plaintiff was grossly negligent and is estopped by the facts and circumstances shown from now insisting upon payment by defendant a second time. We are of opinion that, under the record as before set out, and perhaps some other circumstances not stated, this defense is good and must be sustained.

**2. ESTOPPEL: equitable estoppel: estoppel by negligence: assignments.**

The record shows a situation where one of two innocent persons must suffer, and we think it clear that plaintiff's conduct was such that he put it in the power of others, with the appearance of authority, to collect the money from the defendant, and that plaintiff should not now be permitted to demand payment the second time. Plaintiff permitted Hunter & Challman and their employees to have possession of the contract and to deal with defendant as though no assignment had been made, or at least as though Hunter & Challman had paid or in some manner settled with plaintiff. After the notices or letters of June 28th, and while the apparatus

was at the depot, defendant told Kyder that he did not wish
to go any further until plaintiff and Hunter & Challman had
settled their differences, and defendant was assured by Kyder
that it was all right to go on, and thereafter, defendant per-
mitted the plant to be installed. As we understand the rec-
ord, defendant at this time paid the freight, although this is
not quite clear. At any rate, defendant changed his position
to his prejudice, because of plaintiff's conduct in permitting
the contract to remain with Hunter & Challman.

We think that, under the circumstances, defendant had
a right to assume, and to act upon the assumption, that Hun-
ter & Challman had paid their debt to plaintiff and that the
contract had been returned. Or Hunter &
3. PRINCIPAL
AND AGENT:
implied
agency: es-
toppel to
deny.
Challman and their employees may be re-
garded, under the circumstances, as agents
for plaintiff to make the collection. It is said
by appellant that the agency may not be
shown by the declarations of the agent alone. But in this
case, there was more than the mere declarations of Kyder. He
had possession of the contract and is the person who did the
work and installed the plant after defendant was notified of
the alleged assignment. As sustaining the views here ex-
pressed on the question of estoppel, see *Tiffany v. Anderson,*
55 Iowa 405; *Sessions v. Rice,* 70 Iowa 306. See also, as
bearing upon the proposition, *Cable Co. v. Miller,* 162 Iowa
351, and cases. Appellee cites *Bostwick v. Mutual Life Ins.
Co.,* 116 Wis. 392 (67 L. R. A. 705) and 14 A. & E. Encyc.
(2 Ed.), 115-117, to the proposition that he who is inexcusably
negligent in a business transaction forfeits the right of judicial
remedies for relief.

Other points are argued, but we think the main point
just discussed decides the case, and it is unnecessary to con-
sider the other questions. There is no error, and the judg-
ment is—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.