Submitted on brief February 14, affirmed February 23, 1916.

## CANUTO *v.* WEINBERGER.

(155 Pac. 190.)

**Mandamus—Form of Writ.**

1. The court may allow the writ of *mandamus* either in the alternative or peremptory form.

**Mandamus—Notice—Statute.**

2. Under Section 614, L. O. L., providing that *mandamus* may be allowed with or without notice to the adverse party, as in the case of a writ of review, an order that the writ issue, returnable at a date specified, and that defendant show cause why the writ should not issue, amounted to a direction to serve notice on defendant.

**Mandamus—Right to Writ—Necessity to Show.**

3. In proceedings for *mandamus* to compel a constable to serve an execution, where the record upon which the execution was issued is so defective that the jurisdiction of the court making it does not appear, *mandamus* cannot issue, since the right to the writ to compel action by an executive officer must be apparent.

**Judgment—Petition—Sufficiency—Statute.**

4. Under Section 87, L. O. L., providing that in pleading a judgment of a court of special jurisdiction it shall not be necessary to state the facts conferring jurisdiction, but the judgment may be stated to have been duly given or made, in *mandamus* proceedings to compel a constable to serve an execution of restitution issued by the District Court of the Portland district, existing under General Laws of 1913, Chapter 355, creating a court in cities of 100,000 population, which is equivalent to a Justice's Court, and one of

limited powers, where the petition merely stated that the action in which the execution issued was one in forcible entry and detainer, and that a judgment of restitution was rendered against the defendant, *mandamus* could not issue, since there was no particular recital of the facts investing the District Court with jurisdiction, or, in lieu thereof, strict compliance with the statute by declaring that the judgment was duly made or given.

Pleading—Conclusions.

5. The allegations of such petition amounted to a mere conclusion of law.

> [As to *mandamus* against sheriff or other officer to compel execution of writ or other process, see note in **Ann. Cas. 1913B,** 569.]

From Multnomah: HENRY E. McGINN, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

This is an application by petition for *mandamus* by C. B. Canuto against Andy Weinberger, constable.

After stating that the defendant is the constable for the District Court of Portland district, in Multnomah County, Oregon, the petition for the writ of *mandamus* contains this allegation:

"That on or about the 27th day of February, 1915, the plaintiff herein commenced an action in the District Court of Multnomah County, said Portland district, against one Lewis Level in forcible entry and detainer, such action being recorded in Book ——, at page ——, of the records of said District Court, and that afterward, to wit, the 2d day of March, a judgment of restitution was rendered against the said defendant Level in said action, and an execution of restitution issued thereon and delivered to the said defendant Weinberger for service on the 12th day of March, 1915."

Averring that the plaintiff has demanded of the defendant constable performance of the command of the execution, that he has failed to obey it except upon payment to him of $100, and that the plaintiff was damaged in the sum of $75, the petition asks that a peremptory writ of *mandamus* issue against the defendant,

and that the plaintiff have judgment against him for the damage claimed, together with costs and disbursements. On presentation of this paper the Circuit Court, after certain recitals, made an order thus:

"It is therefore ordered that the clerk of this court issue an order, returnable on the 16th day of March, 1915, at 2 o'clock P. M., directing the defendant to show cause, if any, why such writ should not issue."

On the 15th of that month the defendant appeared specially for the purpose of the motion only, and applied to the court to quash the proceeding on the ground that service had not been had or obtained upon the defendant, "no alternative or other writ of *mandamus* having been issued by the clerk, * * and no such writ having been served upon your defendant."

In fact, no proof of any service of the order or notice in pursuance thereof appears in the record on appeal. On April 3, 1915, the Circuit Court made an order, reciting the appearance of the parties on the 16th of March, and concluded with the following:

"The court being fully advised in the premises, it is therefore ordered and adjudged that the application of plaintiff for a writ of *mandamus* be, and the same is hereby, denied, and that defendant have judgment against the plaintiff for his costs and disbursements. Appeal bond is fixed in the sum of $300.

"Dated at Portland, Oregon, this 3d day of April, 1915."

The plaintiff appeals.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                    AFFIRMED.

For appellant there was a brief over the names of *Mr. W. H. Bard* and *Mr. J. A. Mears.*

· For respondent there was a brief filed by *Mr. T. G. Ryan,* Deputy District Attorney, and *Mr. Walter H. Evans,* District Attorney.

MR. JUSTICE BURNETT delivered the opinion of the court.

1–3. The court might have allowed the writ of *mandamus* either in the alternative or in the peremptory form, but Section 614, L. O. L., says:

"It may be allowed, with or without notice to the adverse party, as in the case of a writ of review."

The order first mentioned amounted to a direction that notice be served on the adverse party before allowing the writ in either form. Necessarily, on the hearing consequent upon the notice, the court would have to examine the petition to determine whether any grounds existed for granting the writ. It is a general principle, relating to *mandamus* to compel action by an executive officer, that the right to the same must be apparent. The rule is applicable to this proceeding in the following manner: If upon examination of the record upon which the execution was issued it should be found so defective that the jurisdiction of the court making it does not appear, the right to compel the officer to act under the execution would not be sufficiently manifest to justify the issuance of the writ of *mandamus.*

4. The District Court of the Portland district in Multnomah County, Oregon, exists by virtue of Chapter 355 of the General Laws of 1913. In substance that act creates a court in cities of 100,000 population or more, which is equivalent to a Justice's Court. The tribunal thus established is one of limited powers. Formerly, the rule in pleading the judgments of such tribunals made it necessary to set out in detail the facts

conferring jurisdiction. The asperity of this requisite was relieved by Section 87, L. O. L., as follows:

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made."

In *Ashley* v. *Pick*, 53 Or. 410 (100 Pac. 1103), the authorities are reviewed, and, holding that the statute must be strictly construed, the canon is there established that if a party would be relieved from stating the doings of the inferior tribunal in detail, he must strictly comply with the enactment relieving him from that duty, and declare in its very terms that the judgment was "duly" given or made. Failing in this, his pleading is not sufficient.

5. On inspection of the petition we are unable to discover that the District Court had jurisdiction over the subject of the action. It is true, it is stated that it was one "in forcible entry and detainer," and that "a judgment of restitution was rendered against the said defendant Level." This, however, is a mere conclusion of law, unsupported by any facts, showing, for instance, that it was for the detainer of real property or that the same was in Multnomah County. In the absence of a particular recital of all the facts investing the District Court with authority to act, or in lieu thereof strict compliance with the statute mentioned giving a shorter form of statement, the petition shows that the proceeding in the District Court failed to confer jurisdiction upon that tribunal, and hence, as a consequence, the duty of the constable to serve a writ issued upon such a judgment was not plain. In brief, the petitioner did not plead a judgment sufficient to support his execution. Under these circumstances the

court was justifiable in refusing the writ and dismissing the proceeding. Its judgment is affirmed.

AFFIRMED.

MR. JUSTICE EAKIN absent.