Argued November 18, 1920, affirmed January 11, 1921.

# MARSHALL *v.* MARSHALL.

(194 Pac. 425.)

**Pleading—Construed Against Pleader on Demurrer.**

1. Pleadings, when tested by demurrer, must be construed most strongly against the pleader.

**Pleading—Demurrer Admits Truth of Facts Well Pleaded.**

2. Demurrer admits the truth of what is well pleaded and of every reasonable and proper inference deducible therefrom.

**Executors and Administrators—Complaint Held to State Capacity to Sue as Executor.**

3. In an action by an executor, allegations that the deceased died testate, that prior to commencement of action plaintiff was "duly and legally appointed executor" of her estate, and that after specified date "has been and now is the duly appointed and qualified and acting executor" of her estate, *held* sufficient on demurrer to plead capacity to sue as executor; the reasonable inference being that he was appointed executor by a court of competent jurisdiction, had qualified under such appointment, and had entered upon the discharge of his duties.

**Limitation of Actions—Payment on Note Held to Revive Cause of Action.**

4. Under Sections 24, 25, Or. L., where payee in her will provided that maker should pay funeral expenses and that such payment should be credited as interest on note, and where maker in compliance therewith paid such expenses and amount thereof was credited upon note by and with maker's assent, the payment was sufficient to revive the cause of action on the note after expiration of period of limitations.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 2.

At Portland, Oregon, December 26, 1905, James I. Marshall executed to Emily Marshall his certain promissory note for $2,000, payable after date, "with interest after July 21st at the rate of 4 per cent per annum until paid." This is an action by the plaintiff, F. C. Marshall, as executor of her estate, to recover from the defendant the amount of the note, with accrued interest and attorney's fees. After pleading

the note according to its tenor, the amended complaint alleges:

"II.   That thereafter and on the eighteenth day of March, 1918, and prior to the commencement of this suit, the said Emily Marshall died testate in the county of Multnomah, State of Oregon, and that thereafter, and prior to the commencement of this action, the above named plaintiff, F. C. Marshall, was duly and legally appointed executor of the estate of said Emily Marshall, deceased, and that ever since said date said F. C. Marshall has been and now is the duly appointed, qualified, and acting executor of the estate of said Emily Marshall, deceased.

"III.   That the said defendant during the lifetime of the said Emily Marshall paid interest on said note up to and including the first day of December, 1914.

"IV.   That according to the terms of the said will of Emily Marshall, deceased, it was provided that said defendant, James I. Marshall should pay the funeral expenses of said Emily Marshall and that said payment should be credited as interest on the above described note, and that pursuant to said terms of said will and in compliance therewith the said defendant, James I. Marshall, did pay the funeral expenses of Emily Marshall in the sum of $145.80, which said sum plaintiff has credited on said note."

It is then alleged that—

"There is now due and owing and unpaid on said note from the defendant to plaintiff the principal sum of $2,000, with interest thereon at the rate of 4 per cent per annum from the first day of August, 1916."

The defendant demurred upon the grounds:

"That it appears upon the face of said complaint that the plaintiff has not the legal capacity to maintain said action.

"That the said action has not been commenced within the time limited by the laws of the State of Oregon.

"That the said complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant."

The demurrer was overruled. Defendant declined to plead further, default was entered, and judgment was then rendered in favor of the plaintiff for the amount of the note with such interest, for $150 attorney's fees, and costs, from which the defendant appeals, claiming that the court was without jurisdiction to enter a judgment without the filing of an affidavit of nonmilitary service, that "said demurrer was well taken in law and ought to have been sustained," and that the action was barred by the statute of limitations.                                        AFFIRMED.

For appellant there was a brief over the name of *Messrs. McCamant, Bronaugh & Thompson,* with an oral argument by *Mr. Earl C. Bronaugh.*

For respondent there was a brief over the names of *Mr. J. M. Hickson, Mr. Charles · Coston* and *Messrs. Cake & Cake,* with an oral argument by *Mr. Hickson.*

JOHNS, J.—1, 2. As contended by the appellant:

"It is a well-established rule that pleadings, when tested by demurrer, must be construed most strongly against the pleader": *Haines* v. *City of Forest Grove,* 54 Or. 443 (103 Pac. 775).

It is also true, and this court has held, that—

"The demurrer admits the truth of what is well pleaded and of every reasonable and proper inference deducible therefrom": *Wills* v. *Nehalem Coal Co.,* 52 Or. 70 (96 Pac. 528).

3. Tested by this rule, the defendant admits the execution of the note in the City of Portland on December 26, 1905; that on the 18th of March, 1918, and prior to the commencement of the action, "Emily Marshall died testate in the county of Multnomah,

State of Oregon''; that ''prior to the commencement of this action'' the plaintiff ''was duly and legally appointed executor'' of her estate; and that ''ever since said date said F. C. Marshall has been, and now is, the duly appointed, qualified, and acting executor of the estate of said Emily Marshall.'' Defendant points out that there is no specific allegation that the deceased was a resident of Multnomah County at the time of her death, or that she made a will, or that it was admitted to probate, or that the plaintiff was appointed executor under the terms of any will, or that his appointment was made by the County Court of Multnomah County or any probate court, and, for such reasons, contends that the plaintiff could not maintain the action as executor and that the trial court did not have jurisdiction. The complaint does allege that she died testate. This she could not have done, had she made no will. It also states that she died in Multnomah County, where the note was executed and made payable. It further alleges that the plaintiff ''was duly and legally appointed executor'' of her estate. He could not have become executor of her estate if she had not made a will, and he could only have been ''duly and legally appointed executor'' by a court of competent jurisdiction, or a probate court. The complaint further alleges that ever since his appointment plaintiff ''has been and now is the duly appointed, qualified, and acting executor of the estate.'' In *Lethbridge* v. *City of New York* (Super.), 15 N. Y. Supp. 562, it is held that an allegation in the complaint that the plaintiff was ''duly appointed'' to a certain office would imply that everything had been done which was necessary to a legal appointment. In overruling some of its former decisions, this court, in *Ashley* v. *Pick,* 53 Or. 410, 416 (100 Pac. 1103, 1105), says:

"We have taken this opportunity to indicate that the rule in respect to the manner of pleading a judgment of an inferior tribunal, as announced in *Page v. Smith,* 13 Or. 410 (10 Pac. 833), will no longer be observed, and to give notice that where it is stated in the formal allegations of parties that a judgment was 'duly given' or 'duly made' the statute has been fully complied with, and that the averment will be held to be sufficient."

The case of *Long* v. *Dufur,* 58 Or. 162 (113 Pac. 59), relied upon by the appellant, also holds:

"If it were a matter of pleading a judgment or decree of a court, it would be sufficient to state that the same was duly given or made. * * On the other hand, where a contract is to be pleaded, it should be set out either according to its legal effect or in its very words."

On the point here involved, the case of *Long* v. *Dufur* follows and approves the case of *Ashley* v. *Pick.*

As to probate matters, in all cases the County Court is vested with primary jurisdiction over the estates of deceased persons, and the original power to hear and determine petitions for letters, and to appoint executors and administrators: *In re John's Will,* 30 Or. 494 (47 Pac. 341, 50 Pac. 226, 36 L. R. A. 242).

If he was "duly and legally appointed," and ever since has been and is now the "duly appointed, qualified, and acting executor," it must follow as a "reasonable and proper inference" that he was appointed by a court of competent jurisdiction, and that he qualified under such appointment and entered upon the discharge of his duties.

4. In the absence of any payment, the note would show upon its face that it is barred by the statute of

limitations.   To toll the statute the plaintiff alleges
that—

"Defendant, during the lifetime of the said Emily
Marshall, paid interest on said note up to and in-
cluding the first day of December, 1914."

There is no specific allegation as to when any inter-
est was paid, how many interest payments were made,
to whom they were made, or the amount of any pay-
ment, but it is fair to assume that such interest was
paid some time between the date of the note and the
death of Emily Marshall on March 18, 1918.   Section
25, Or. L., enacts:

"Whenever any payment of principal or interest
has been or shall be made upon an existing contract,
whether it be bill of exchange, promissory note, bond,
or other evidence of indebtedness, if such payment
be made after the same shall have become due, the
limitation shall commence from the time the last pay-
ment was made."

The action in the instant case is founded upon a
demand note, and any interest payment was made
after the note became due.   This section says, if the
payment is made after maturity, "the limitation shall
commence from the time the last payment was
made."   There is no allegation in paragraph III of
the complaint as to when the last payment of interest
was made; but, assuming that the allegations under
that paragraph are not sufficient to toll the statute, in
paragraph IV the complaint further alleges, and the
demurrer admits, that by the terms of the will of de-
ceased it was provided that the defendant should pay
her funeral expenses "and that said payment should
be credited as interest on the above-described note,
and that pursuant to said terms of said will and in
compliance therewith" the defendant did pay such ex-

penses in the sum of $145.80, "which said sum plaintiff has credited on said note." This is an admission that the will of the deceased provided that the defendant should pay her funeral expenses and that the amount of such expenses should be credited as interest on the note, that pursuant to the terms of the will and in compliance therewith the defendant did pay such funeral expenses to the amount of $145.80, and that such payment was credited on the note.

Section 24, Or. L., enacts:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

Sections 24 and 25, Or. L., were construed in *Creighton* v. *Vincent,* 10 Or. 56. In that case the original indebtedness was barred, and the only question was the refusal of the trial court to give a requested instruction that a partial payment applied by the defendant as a credit upon the note with the assent of the plaintiff would have the legal effect "to take the same out of the operation of the statute of limitations." It was claimed that a correct solution of that question would depend upon the construction which should be placed upon section 25, and it was held that this section did not apply; that it "refers only to payments made on contracts before the statute has run against them, and fixes by such payment a new date upon which the limitation of actions thereon commences to run *de novo.*" The opinion quotes from *Partlow* v. *Singer,* 2 Or. 310, which says:

"Ordinarily the statute begins to run when the note is due; in this case the statute fixes the time at the

date of the last payment, and such plain language can have no other signification.''

After quoting Section 24, the opinion in the Creighton case says:

''It may be observed that this section is nearly a transcript of the enacting clause of the statute, 19 Geo., 4th ch. 14, commonly called Lord Tenwiden's act, and that payment of principal or interest on a specific demand is still retained by the statute as sufficient to keep it in force. The instruction only asked that the sum applied by the defendant as a credit upon the indebtedness, with the assent of plaintiff, was a payment which would take the case out of the operation of the statute. The payment by a debtor of a certain sum to his creditor, with the understanding that it shall be treated as a payment on his debt, will be sufficient to revive the cause of action barred by the statute. And when the creditor applies the amount paid upon the debt as a credit, with the assent of the plaintiff, it is sufficient to revive the debt.''

By his demurrer the defendant, Marshall, admits that the will of the deceased provides that he should pay her funeral expenses and that such payment should be credited as interest on the note, ''and that pursuant to said terms of said will and in compliance therewith'' the defendant did pay $145.80 as such expenses, which amount plaintiff credited upon the note. It was a voluntary payment, made pursuant to and in compliance with the will of the deceased, which provided ''that said payment should be credited as interest'' on the note; moreover, it was so made to be applied on the note, and defendant knew that it would be, and it was, credited upon the note. Hence, that payment was sufficient to revive the cause of action. It was a credit made upon the note, by and with the assent of the defendant, within the meaning of Sec-

tion 24, Or. L., as construed in *Creighton* v. *Vincent,*
10 Or. 56.

Although the complaint is not a model pleading and
is very loosely drawn, taken as a whole it tolls the
statute and states a cause of action.

Judgment affirmed.                    AFFIRMED.

McBRIDE, BEAN and BROWN, JJ., concur.